# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**JACK ALAN GROENENDAL**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-260

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with attempted receipt and possession of child pornography. Defendant is already on supervised release following conviction for another sex-related offense. He knows that as a condition of his supervised release that he is not to view child pornography or any pornography. Nevertheless, investigation shows that he has spent numerous hours, either in the early morning or during the weekends, viewing pornography. At least some of it is child pornography. At the same time, he purports to be going through relapse prevention and other counseling. He has not disclosed at that counseling his current behavior.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from the defendant's continued attempt to access child pornography. Having been convicted of a sex-related offense, and while knowing his computer is subject to review, he has nevertheless engaged in further attempts to view pornography, either in direct derogation of the court's order or because his behavior is so compulsive he cannot stop doing it. Clearly, issuing a  further (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding. DEFENDANT IS TO HAVE NO ACCESS TO A COMPUTER OR PORNOGRAPHY.

Dated: September 23, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **JACK ALAN GROENENDAL**
1:11-CR-260
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

order to cease this behavior would be meaningless. Only by placing the defendant in a facility where he has no access to computers can this behavior be stopped. The on-line demand for child pornography, of course, creates a market, the needs of which will result in further child abuse to supply that market.

**Part II - Written Statement of Reasons for Detention** - (continued)